JUDGE CASTEL

**13 CIV 3205**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
RUSSEL SHAW,

                            Plaintiff,

            - against -

THE CITY OF NEW YORK,
POLICE OFFICER NICHOLAS BUDNEY,
POLICE OFFICER JOHN DOE(S) #'s 1-3,

                            Defendants.
---------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

RECEIVED
MAY 13 2013
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, RUSSEL SHAW, by his attorneys, NASS & ROPER LAW LLP, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff, RUSSEL SHAW, seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about April 22, 2012, at approximately 1:00 a.m., Plaintiff was waiting to get gas near a station at 233rd and Nereid Avenue when he was asked to move his vehicle by Defendants. Plaintiff was assaulted and falsely arrested by Defendants including, but not limited to, POLICE OFFICER NICHOLAS BUDNEY. It is alleged that Defendants falsely arrested Plaintiff in violation of his constitutional rights, and used excessive force in effectuating his arrest. As a result of the excessive force used by Defendants, Plaintiff suffered physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42

1

8. On or about November 3, 2012, at approximately 7:00 a.m., Plaintiff, RUSSEL SHAW, was with his father on line at a Hess gas station near 233rd Street and Nereid Avenue.

9. Plaintiff's father exited the vehicle to purchase gasoline from the station. Plaintiff remained in the passenger side of the vehicle until Defendant, POLICE OFFICER NICHOLAS BUDNEY, came to his window and told him to move the vehicle.

10. Defendant, POLICE OFFICER NICHOLAS BUDNEY, then left the Plaintiff and attended to someone else a few cars away. At this time, Plaintiff exited the vehicle, began to remove his jacket and circle around to the driver's side door of the vehicle.

11. While Plaintiff was walking towards the driver side door, Defendant, POLICE OFFICER NICHOLAS BUDNEY, approached Plaintiff and told him to move faster. Defendant BUDNEY then bumped Plaintiff and knocked him into the vehicle.

12. Defendant BUDNEY proceeded to curse at Plaintiff and then pulled Plaintiff out of the vehicle and told him to put his hands behind his back.

13. Plaintiff asked what he was being arrested for and Defendant BUDNEY pushed Plaintiff against the driver's side door and slammed his head in to the rain guard over the driver's side rear window causing serious injury.

14. Defendant BUDNEY's partner, POLICE OFFICER JOHN/JANE DOE, then came over and assisted with the arrest. Plaintiff again asked why he was struck and he was told to "shut up" by defendants.

15. Plaintiff was then placed in a police cruiser, brought to the precinct office on 229th Street and placed in a holding cell for approximately thirty (30) minutes. After seeing

Plaintiff with a bloodied face, Defendant BUDNEY told Plaintiff "[I] didn't want to do that."

16. Plaintiff would make approximately three court appearances before all charges were dismissed on March 20, 2013. Plaintiff, RUSSELL SHAW, hired a criminal defense attorney for the charges described above.

17. That on or around the 6th day of November, 2012, Plaintiff's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of Plaintiff, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

18. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
**Pursuant to §1983 (FALSE ARREST)**

19. Paragraphs 1 through 18 of this complaint are hereby re-alleged and incorporated by reference herein.

20. That Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him for approximately seven hours.

21. That in detaining Plaintiff for approximately thirty minutes, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

29. That Defendants intended to confine Plaintiff.

30. That Plaintiff was conscious of the confinement and did not consent to it.

31. That the confinement was not otherwise privileged.

32. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiff's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

33. That by reason of the foregoing, Plaintiff suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

34. Paragraphs 1 through 33 are hereby re-alleged and incorporated by reference herein.

35. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

36. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

37. That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

38. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

39. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

40. That Defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating his arrest.

41. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

42. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

43. That upon information and belief, in 2012, defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

44. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

45. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

46. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

47. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## IIX. FOURTH CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

48. Paragraphs 1 through 47 are hereby re-alleged and incorporated by reference herein.

49. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

50. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

51. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

52. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

53. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

54. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

55. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of the laws of the State of New York

56. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to State Law (ASSAULT and BATTERY)

57. Paragraphs 1 through 56 are hereby re-alleged and incorporated by reference herein.

58. That Defendants intended to cause harmful bodily contact to Plaintiff.

59. 61. That defendant Defendants, in a hostile manner voluntarily caused Plaintiff's injuries.

60. That Defendants contact with Plaintiff constituted a battery in violation of the laws of the State of New York.

61. That by reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
### Pursuant to §1983 (MALICIOUS PROSECUTION)

62. Paragraphs 1 through 61 are hereby re-alleged and incorporated by reference herein.

63. That Defendants, with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that Plaintiff had committed no crime.

64. 74. That the criminal matter against Plaintiff was terminated in his favor and the court adjourned the case in contemplation of dismissal on or around March 20, 2013.

65. That there was no probable cause for the arrest and criminal proceeding.

66. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of

9

his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

67. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, Plaintiff was maliciously prosecuted despite the fact that he had committed no violation of the law.

68. That upon information and belief it was the policy and /or custom of Defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

69. That as a result of the above described policies and customs, Defendant CITY, its staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

70. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

71. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

72. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XI. SEVENTH CAUSE OF ACTION
**Pursuant to State Law (MALICIOUS PROSECUTION)**

73. Paragraphs 1 through 72 are hereby re-alleged and incorporated by reference herein.

74. That Defendants acted with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that Plaintiff had committed no crime.

75. That the criminal matter will be dismissed in Plaintiff's favor.

76. That there was no probable cause for the arrest and criminal proceeding.

77. Defendants knew or should have known that there was no likelihood of a conviction of Plaintiff.

78. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

79. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XII. EIGHTH CAUSE OF ACTION
**Pursuant to State Law (RESPONDEAT SUPERIOR)**

80. Paragraphs 1 through 79 are hereby re-alleged and incorporated by reference herein.

81. That at all times, all Defendants were acting within the scope of their employment.

82. That Defendant CITY was able to exercise control over Defendant Officers' activities.

83. That Defendant CITY is liable for Defendant Officers' actions under the doctrine of respondeat superior.

84. By reason of the foregoing, Plaintiff suffered mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;
2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;
3. Awarding Plaintiff interest from November 3, 2012; and
4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and
5. Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
April 18, 2013

Yours, etc.

JUSTIN M. ROPER, ESQ.
*ATTORNEY FOR PLAINTIFF*
NASS & ROPER LAW, LLP
14 PENN PLAZA, SUITE 2004
NEW YORK, NEW YORK 10122

## ATTORNEY'S VERIFICATION

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, RUSSEL SHAW. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:   New York, New York
         April 19, 2013

JUSTIN M. ROPER, ESQ.

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUSSEL SHAW,

                                       **Plaintiff,**

– against –

CITY OF NEW YORK,
POLICE OFFICER NICHOLAS BUDNEY,
POLICE OFFICER JOHN DOE(S) #'s 1-3,

                                       **Defendants.**

---

**SUMMONS & VERIFIED COMPLAINT**

---

**NASS & ROPER LAW, LLP**
*Attorneys for Plaintiff*
**FRANKLIN OKEKE**
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246*

---

* Not for service of papers.